Ann B. Witte, OSB No 770776
awitteatty@gmail.com
(503) 477-4690
4605 NE Fremont St., @201-D
Portland, Oregon 97213
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Dr. Jerome Berryhill**, an individual citizen,<br>       Plaintiff,<br>v.<br>**Bonneville Power Administration (BPA)**, a United<br>States Agency<br><br>       Defendant. | Civil No. 3:19-cr-02001<br><br>COMPLAINT<br>Freedom of Information Act<br>(5 U.S.C. § 552); Administrative<br>Procedures Act, (5 U.S.C. § 706) |

INTRODUCTION

1.     This civil action seeks judicial relief compelling the defendant Bonneville Power

Administration (hereafter "BPA") to comply with the requirements of the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, as amended with respect to the production of

documents requested by Plaintiff Dr. Jerome Berryhill under FOIA.

2.     FOIA requires federal agencies to disclose information upon request unless the statute

expressly exempts the information for disclosure. 5 U.S.C. § 552 (a)(8)(A).

3.     Plaintiff requested BPA documents related to his home address after BPA sent a crew to

perform easement maintenance at his home and the crew deliberately and needlessly destroyed

FREEDOM OF INFORMATION ACT COMPLAINT - 1

his landscaping by chain-sawing everything to ground level under some ≈ 40' high 115 kV

transmission lines.  BPA has not disclosed all the requested records and has denied his

administrative appeal.

4.      BPA's failure to produce the requested documents causes a concrete and on-going injury

to Plaintiff's ability to obtain and use public information.

5.      Plaintiff seeks injunctive relief requiring the disclosure of the requested documents and a

judicial declaration that BPA violated the FOIA.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552 (a)(4)(B), as well

as under 28 U.S.C. § 1331, because this action arises under FOIA, the Administrative Procedures

Act (5 U.S.C. § 701 *et seq*., the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* and the

Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*

7.      Venue is proper in this Court under 28 U.S.C. §1391 and 5 U.S.C. § 552 (a)(4)(B)

because the agency records are kept in Portland Oregon.

## PARTIES

8.      Plaintiff is an individual land owner over whose property BPA purchased an easement for

the maintenance of electricity transmission lines in 1950.  He and his wife have owned the

property at 4180 Wood Ave. in Eugene, Oregon for over twenty years.

9.      Defendant BPA is a federal agency within the Department of Energy, and has possession

and control over the records Plaintiff seeks.  BPA also has responsibility for deciding

administrative appeals of its FOIA determinations.

## LEGAL FRAMEWORK

10.     FOIA's basic purpose is "to open agency action to the light of public scrutiny." *Dep't of*

*Justice v. Reporters Comm. For Freedom of the Press,* 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose,* 425 U..S. 352, 372 (1976)). "Congress believed that this philosophy, put into practice would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989) (quoting *NLRB v. Robbins Tire & rubber Co.*, 437 U.S. 214, 242 (1978)).

11.     To achieve these important goals, FOIA requires federal agencies to make records in their possession or control available to the public upon request unless one of FOIA's nine specific exemptions applies. If an agency denies part of a FOIA request, the requestor may appeal to the head of that agency. 5 U.S.C. § 552 (a)(6)(A)(i)(aa).

12.     A requestor has exhausted his administrative remedies 5 U.S.C. § 552 (a)(6)(A)(ii) and may sue in federal district court to compel the agency to disclose any improperly withheld records, 5 U.S.C. § 552 (a)(4)(B), when the agency denies the appeal.

13.     FOIA Exemption 5, 5 U.S.C. § 552(b)(5) allows, but does not require, federal agencies to withhold records that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;" that "it would not have to disclose in discovery, including documents covered by the deliberative process privilege, the attorney-client privilege, and the attorney work product privilege." *NLRB v. Sears, Roebuck & Co*., 421 U.S. 132, 149 (1975); *Maricopa Audubon Soc'y v. United States Forest Serv.,* 108 F.3d 1082, 1084 n.1 (9th Cir. 1997).

14.     The deliberative process privilege protects agency records with three characteristics. First, the record must document a communication between or among agency employees. Second, that communication must be deliberative; "a direct part of the deliberative process… that makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen,*

523 F.2d 1136, 1143-44 (D.C. Cir. 1975). Third, the record must be pre-decisional; it must have

been created while the agency was deliberating its decision. *Jordan v. U.S. Dep't of Justice,* 591

F.2d 753, 774 (D.C. Cir. 1978) (*en banc).*

15.     Even if part of a record is exempt from FOIA, the agency must make available any non-

exempt parts of that record – such as factual materials – that are "reasonably segregable." 5

U.S.C. §552(b).

## STATEMENT OF FACTS

16.     In 1950, BPA purchased a 148 ft. wide easement that covers the eastern 137 ft. of the

212' wide property currently owned by Plaintiff and his wife.  There are no poles or other BPA

structures on Plaintiff's property, but six 115volt transmission wires cross in a north-south

direction at a height of about 30'.  Under the terms of the easement, BPA is permitted to perform

certain maintenance on the easement.  In particular, BPA is permitted to enter the eastern 137

feet of the property to keep the easement clear of brush, timber, structures and fire hazards, not

including growing crops, as necessary to maintain the transmission lines overhead.

17.     On Feb. 19, 2019, a crew from Franklin Contracting, Inc. arrived at 4180 Wood Ave. in

Eugene, Oregon at approximately 8:00 a.m. with chain saws and a chipper.  First the crew cut

down level with the ground, chipped and destroyed the hedge of 21 dwarf Schipka Cherry laurel

bushes that grew about 10' tall along the street in front of a 6' wood fence.  Five hours later, after

brutally destroying all the landscaping on the easement inside the fence, including occupied

hummingbird habitat, the crew returned to the front yard to hack down a Catalpa tree standing

beside the driveway on Wood Ave. well over 20' from the nearest 30'high transmission wire,

threw it in the chipper and then drove away.

18.     On March 15, 2019, Plaintiff submitted a FOIA request to BPA, requesting "all BPA

records pertaining to 4180 Wood Ave., Eugene, Or 97402." On August 7, 2019, BPA produced

453 pages of records responsive to Plaintiff's request. These responsive records included some

documents concerning the acquisition of the easement in 1950, a Land Use Agreement entered

into between Plaintiff and BPA in 2003, further correspondence between BPA and Plaintiff

concerning that Agreement from 2008, records of a survey of the easement boundary in January,

2019, maps, drawings, diagrams and photographs of 4180 Wood Ave, two letters and an unsent

draft of a third, from BPA to Plaintiff, some intra-agency emails, many sharing emails from

Plaintiff, and seven pages of unidentifiable, completely redacted documents on BPA letterhead.

Twenty-one pages of the emails, many of which were duplicates, were partially redacted. BPA

claimed the redactions were justified under Exemption 5.

19.      The redactions constituted a partial denial of Plaintiff's FOIA request. Because the

redacted documents are not actually subject to FOIA Exemption 5, on Nov. 4, 2019 Plaintiff

administratively appealed. The appeal was denied with a Decision and Order issued Nov. 21,

2019.

### First Claim for Relief

### FOIA—Wrongful Withholding of Records

20.      Plaintiff realleges and incorporates by reference all preceding paragraphs.

21.      The twenty-eight pages or portions of responsive records that BPA withheld are agency

records of BPA within the meaning of 5 U.S.C. § 552. Plaintiff requested the release of these

withheld records under FOIA, but BPA refused to produce those records or to redact and disclose

all reasonably segregable non-exempt portions of those records. Plaintiff has exhausted his

administrative remedies.

22.      BPA has not demonstrated that the redacted records "would not be available by law to a

party other than an agency in litigation with BPA." Plaintiff has a right under FOIA to the twenty-eight responsive records or portions of records that BPA withheld and Plaintiff is entitled to judicial review of BPA's failure to promptly release those records. BPA's failure to release the requested records, or all reasonably segregable portions of those records, violates FOIA. 5 U.S.C. § 552(a)(6). The Court should order BPA to produce the records that it improperly withheld from Plaintiff.

## Second Claim for Relief

## Violations of the Administrative Procedure Act

23.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

24.     BPA unlawfully withheld agency action by refusing to provide records responsive to Plaintiff's request that are not within the scope of any FOIA disclosure exemptions. BPA acted arbitrarily, capriciously, and unlawfully and abused its discretion, by withholding records responsive to Plaintiff's request. *See,* 5 U.S.C. § 706(2)(A). Plaintiff is entitled to judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706.

## Request for Relief

Wherefore, Plaintiff respectfully requests the following relief:

A.  Order defendants to immediately disclose to plaintiff all records sought in this action.

B.  Declare that defendants' failure to disclose the requested documents is unlawful under FOIA and/or arbitrary, capricious, an abuse of discretion and unlawful under the Administrative Procedure Act.

C.  Award Plaintiff his reasonable costs, litigation expenses and attorney fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), and the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.* and all other applicable authorities; and

D.  Such other and further relief at the Court deems just and proper.

Dated: Dec. 9, 2019

*Ann B. Witte*
_____
Ann B. Witte, OSB #770776
Attorney for Plaintiff